UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SCOTT BURNS,

                    Petitioner,

   vs.

B. CURRY, Warden,

                    Respondent.
                              /

No. C 08-0163 PJH (PR)

**ORDER TO SHOW CAUSE**

Petitioner, a California prisoner currently incarcerated at the Correctional Training Facility, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

The petition attacks denial of parole, so venue is proper in this district, which is where petitioner is confined.  *See* 28 U.S.C. § 2241(d).

**BACKGROUND**

Petitioner was convicted of second degree murder in 1988.  He received a sentence of seventeen years to life in prison.  He alleges that he has exhausted these parole claims by way of state habeas petitions.

**DISCUSSION**

**A.   Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An

1 application for a federal writ of habeas corpus filed by a prisoner who is in state custody

2 pursuant to a judgment of a state court must "specify all the grounds for relief which are

3 available to the petitioner ... and shall set forth in summary form the facts supporting each

4 of the grounds thus specified."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C.

5 foll. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts

6 that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes

7 (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).   "Habeas petitions which

8 appear on their face to be legally insufficient are subject to summary dismissal."  *Calderon*

9 *v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J.,

10 concurring).

11 **B.    Legal Claims**

12      As grounds for federal habeas relief, petitioner asserts that:  (1) the circumstances of

13 his crime did not constitute "some evidence" to support the September 29, 2005, denial of

14 parole; (2) the Board's conclusion that the motive for the crime was "inexplicable and very

15 trivial" was contradictory, in that it could not be both, nor did the Board say what the motive

16 was or discuss it, rendering the denial arbitrary and a violation of due process; (3) the

17 Board's statement that he had been convicted of robbery prior to the commitment offense

18 was not supported by any evidence and was false, so reliance on that factor as a ground

19 for denying parole violated due process; (4) there was no evidence to support the Board's

20 finding that petitioner had an unstable social history; (5) there was no evidence to support

21 the Board's conclusion that petitioner had not participated in enough self-help and therapy

22 programs; (6) the notations of minor offenses (CDC 128's) ("chronos"), the last in 2003, and

23 his rule violation reports, the last in 2002, were not "some evidence" to support denial of

24 parole; (7) the Board's requirement that he engage in additional "self-help" and therapy,

25 when none is available to petitioner and there is no evidence in the record that petitioner

26 needs it, was arbitrary and capricious; (8) it was a violation of due process for the Board to

27 give petitioner a multi-year denial, as California law does not allow a multi-year denial in his

28 circumstances; (9) his counsel at the parole hearing was ineffective; and (10) the Board is

**United States District Court**
For the Northern District of California

2

precluded from relying on the same facts to deny parole at every hearing.  These claims

are sufficient to require a response.  *See Biggs v. Terhune*, 334 F.3d 910, 916-17 (9th Cir.

2003) (warning that repeated denial of parole based on unchanging characteristics of

offense might violate due process); *McQuillion v. Duncan*, 306 F.3d 895, 904 (9th Cir.

2002) (due process requires that at least "some evidence" support parole denial).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.  The clerk shall serve by certified mail a copy of this order and the petition and all

attachments thereto on respondent and respondent's attorney, the Attorney General of the

State of California.  The clerk also shall serve a copy of this order on petitioner.

3.  Respondent shall file with the court and serve on petitioner, within sixty days of

the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules

Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

granted.  Respondent shall file with the answer and serve on petitioner a copy of all

portions of the state trial record that have been transcribed previously and that are relevant

to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with

the court and serving it on respondent within thirty days of his receipt of the answer.

4.  Respondent may file a motion to dismiss on procedural grounds in lieu of an

answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing

Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court

and serve on respondent an opposition or statement of non-opposition within thirty days of

receipt of the motion, and respondent shall file with the court and serve on petitioner a reply

within fifteen days of receipt of any opposition.

5.  Petitioner is reminded that all communications with the court must be served on

respondent by mailing a true copy of the document to respondent's counsel.  Petitioner

must keep the court informed of any change of address and must comply with the court's

orders in a timely fashion.  Failure to do so may result in the dismissal of this action for

United States District Court
For the Northern District of California

failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v.*

*Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated:  February 6, 2007.

PHYLLIS J. HAMILTON
United States District Judge

United States District Court
For the Northern District of California

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


SCOTT BURNS,

               Petitioner,

  v.

B. CURRY,

               Respondent.

                             /

Case Number: CV08-00163 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 6, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Scott Burns D-99247
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960-0689

Dated: February 6, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk