UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

SCOTT BURNS,

    Petitioner,

vs.

BEN CURRY, Warden,

    Respondent.
                               /

No. C 08-0163 PJH (PR)

**ORDER DENYING HABEAS PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254. The petition is directed to a denial of parole.

This court ordered respondent to show cause why a writ should not issue. Respondent filed an answer and petitioner a traverse. For the reasons set forth below, the petition will be denied.

**BACKGROUND**

In 1988, petitioner was convicted in Sierra County Superior Court of second degree murder and grand theft, both with use of a firearm. He received a sentence of seventeen years to life in prison. Ex. A at 1-3. On September 29, 2005, after a hearing before the Board of Parole Hearings ("Board"), during which petitioner was represented and was given an opportunity to be heard, the Board found him unsuitable for parole. Ex. B at 1-63. The Board based its decision upon the circumstances of the commitment offense, including the especially cruel and callous manner with which it was carried out and the triviality of the motive for the crime; petitioner's unstable social history and prior record of criminality; his failure to upgrade educationally or take advantage of beneficial programming while in prison; his misconduct while incarcerated; opposition from the prosecutor and police

department; his need for further treatment for his substance abuse issues; and his need for further self-help and therapy in order for petitioner to cope with stress in a nondestructive manner. Ex. B at 57-63.

**DISCUSSION**

**I.    Standard of Review**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, and falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *Id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and

2

convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340.  This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court.  *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001).  A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do.  *Id.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

**II.     Issues Presented**

As grounds for habeas review, petitioner contends that: (1) the circumstances of his crime did not constitute "some evidence" to support the denial of parole; (2) the Board's conclusion that the motive for the crime was "inexplicable and very trivial" was contradictory, in that it could not be both, nor did the Board say what the motive was or discuss it, rendering the denial arbitrary and a violation of due process; (3) the Board's statement that he had been convicted of robbery prior to the commitment offense was not supported by any evidence and was false, so reliance on that factor as a grounds for denying parole violated due process; (4) there was no evidence to support the Board's finding that petitioner had an unstable social history; (5) there was no evidence to support the Board's conclusion that petitioner had not participated in enough self-help and therapy programs; (6) the notations of minor offenses, the last in 2003, and his rule violation reports, the last in 2002, were not "some evidence" to support denial of parole; (7) the Board's requirement that he engage in additional "self-help" and therapy, when none is available to petitioner and there is no evidence in the record that petitioner needs it, was arbitrary and capricious; (8) it was a violation of due process for the Board to give petitioner a multi-year denial, as California law does not allow a multi-year denial in his circumstances; (9) his counsel at the parole hearing was ineffective; and (10) the Board is

precluded from relying on the same facts to deny the parole at every hearing.

### A. Due Process Claims

Claims one through eight are due process claims. Petitioner contends in claims one through eight that his due process rights were violated by the Board's finding that he was unsuitable for parole, and by the consequent multi-year denial of parole. In claims one, three, four, five, and six, petitioner alleges that the Board violated his due process rights by denying parole without sufficient evidence to support its findings; in claims two and seven he asserts that the Board violated due process when it relied on improper factors in assessing his suitability for parole; and in claim eight he alleges that the two-year parole denial was arbitrary and exceeded the scope of governing statutory language, thus violating due process.

The United States Supreme Court has recently rejected the proposition that due process requires that denials of parole be supported by at least "some evidence." *Swarthout v. Cooke*, 131 S.Ct. 859, 861 (2011). The Court held that "[i]n the context of parole . . . the procedures required [by the Due Process Clause] are minimal . . . an opportunity to be heard and . . . a statement of the reasons why parole was denied . . . '[t]he Constitution . . . does not require more.'" *Id.* at 862 (quoting *Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 16 (1979)). Claims one, three, four, five, and six are that the Board lacked evidence to support its findings – they are "some evidence" claims. "[I]t is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied," and petitioner's claims one, three, four, five, and six fail to establish due process violations by the Board. *Id.* at 862-63.

Nor is it relevant on federal habeas review whether the Board was justified in relying on factors such as the motive for petitioner's commitment offense and his purported need for continued self-help as reasons to find him unsuitable parole. "Because the only federal right at issue is procedural, the relevant inquiry is what process [petitioner] received, not whether the state decided the case correctly." *Id.* at 863. Regardless of which particular

4

factors were considered by the Board, petitioner was provided an opportunity to rebut their validity, as well as an explanation of the Board's ultimate decision, and those were his only due process rights. Ex. B at 1-63. For that reason, claims two and seven also are without merit.

Finally, petitioner contends that the Board's multi-year parole denial violated his due process rights. He argues that, because the denial was based on invalid criteria under the California Code of Regulations, it amounted to an arbitrary deprivation of his "liberty interest in parole." Pet. at 58-59. As explained above, however, petitioner was provided "the minimum procedures adequate for due-process protection of that interest." *Swarthout*, 2011, WL 197627 at 3. His claim eight does not, therefore, rise to the level of a due process violation.

Petitioner was provided an opportunity to be heard during his parole consideration hearing, and he received a reasoned explanation of the Board's decision to deny him parole. Ex. B at 1-63. These procedural safeguards are all that due process rquires. Petitioner's claims one through eight are therefore without merit and are denied.

**B.    Ineffective Assistance of Counsel Claim**

Petitioner also contends that his appointed attorney rendered ineffective assistance at his parole consideration hearing. There is no right to effective assistance of counsel in the absence of a right to counsel, so the court must first determine if there is a right to counsel in parole eligibility hearings. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984) (claim of ineffective assistance of counsel is cognizable as claim of denial of the Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance of counsel).

In *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), the United States Supreme Court considered whether the Sixth Amendment requires that counsel be provided in probation revocation hearings. The Court said that "the presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings," but because there would be some in which fundamental fairness requires

5

counsel, declined to adopt a per se rule. *Id.* at 789-90.

Subsequently, in *Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1 (1979), the Court considered the level of due process protection that must be provided parolees during probation consideration hearings. Identifying a "crucial distinction between being deprived of a liberty one has, as in parole, and being denied a conditional liberty that one desires," the Court held that the safeguards required for a parole revocation hearing are greater than those required for consideration hearings. *Id.* at 9, 15.

Given that there usually is no right to counsel at parole revocation hearings, and that more due process protections inhere in revocation hearings than in eligibility hearings, the logical conclusion is that the Sixth Amendment right to counsel does not extend to inmates in parole eligibility hearings, the result the Ninth Circuit had already reached before the *Gagnon* and *Greenholtz* decisions. *See  Dorado v. Kerr*, 454 F.2d 892, 896-97 (9th Cir. 1972) (holding that due process does not entitle California state prisoners to counsel at parole consideration hearings). Because petitioner had no right to effective assistance of counsel at his parole consideration hearing, his claim is without merit.

### C.     Collateral Estoppel Claim

Finally, petitioner contends that the doctrine of collateral estoppel precluded the Board from relying on the same facts to deny his parole at his past three hearings. Petitioner's claim is based on a misunderstanding of the doctrine. Collateral estoppel does not mean that a decision-maker is prevented from relying on the same facts more than once; rather, it means that in certain circumstances, the resolution of an issue or determination of facts by a competent tribunal is binding in subsequent proceedings. "[T]he final determination of a court of competent jurisdiction necessarily affirming the existence of any fact is conclusive evidence of the existence of that fact when it is again in issue in subsequent litigation . . . [t]he facts decided in the first suit cannot be disputed or relitigated." *Todhunter v. Smith*, 219 Cal. 690, 694-95 (Cal. 1934).

In short, petitioner has collateral estoppel backwards. It would not result in default parole approval for lack of new or different factors to support parole denial, but rather would

require the Board to have treated as conclusively established that he was not suitable. Petitioner's claim is without merit.

### III. Certificate of Appealability

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability in the ruling. Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. *Id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This was not a close case. For the reasons set out above, jurists of reason would not find the result debatable or wrong. A certificate of appealability will be denied. Petitioner is advised that he may not appeal the denial of a COA, but he may ask the court of appeals to issue a COA under Rule 22 of the Federal Rules of Appellate Procedure. *See* Rule 11(a), Rules Governing § 2254 Cases.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**. A certificate of appealability is **DENIED.** The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 24, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.08\BURNS0163.RUL-parole.wpd